| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MISTY C. CARDIN, | ) | No.:   3:22-CR-15-TAV-JEM-1 |
| | ) | |
| Defendant, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| SOUTHLAND REALTORS, INC., | ) | |
| | ) | |
| Garnishee. | ) | |

## <u>MEMORANDUM OPINION AND ORDER</u>

This criminal matter is before the Court on the government's Motion for Order of Continuing Garnishment [Doc. 35], in which the government moves for the entry of an order of continuing garnishment pursuant to the Federal Debt Collection Procedures Act, specifically 28 U.S.C. § 3205, against the non-exempt earnings of defendant.

### I.     Background

Pursuant to a written plea agreement, defendant pleaded guilty to wire fraud, in violation of 18 U.S.C. § 1343 [Docs. 3, 12].  Defendant was sentenced to 6 months' imprisonment and 6 months' home detention, for a total effective sentence of 12 months [Docs. 25, 26].  Defendant was also ordered to pay restitution in the amount of $125,267.41 [Docs. 25, 26].

An Application for Writ of Continuing Garnishment was filed by the government, and a Writ of Continuing Garnishment was duly issued and served upon Southland Realtors, Inc. ("Garnishee") [Docs. 30, 31, 33]. Pursuant to the Writ of Continuing Garnishment, Garnishee filed an Answer on May 8, 2026, stating that, at the time of the service of the Writ, Garnishee had custody, control, or possession of personal property belonging to defendant in the form of non-exempt, disposable earnings [Doc. 34].

Defendant was personally served with a copy of the Writ of Continuing Garnishment and notified of the right to object, to assert exemptions, and request a hearing before this Court [Docs. 31, 32]. Defendant did not file an objection, nor did she request a hearing or assert any exemption.

The government submits that the current restitution balance, as of the date of the government's filing, is $119,478.12 [Doc. 35, p. 2]. And because defendant has not paid restitution as ordered, the government took action to enforce this restitution debt by filing an Application for Writ of Continuing Garnishment [Doc. 30, p. 2].

II.     Applicable Law

The Mandatory Victim Restitution Act ("MVRA"), 18 U.S.C. §§ 3663A–3664, requires sentencing courts to order criminal defendant to pay restitution to their victims. The MVRA permits the government to enforce a restitution order "by all other available and reasonable means," 18 U.S.C. § 3664(m)(1)(A), including "in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law." 18 U.S.C. § 3613(a); *see id.* § 3613(f).

2

The Federal Debt Collection Practices Act ("FDCPA"), 28 U.S.C. § 3001 *et seq.*, sets forth the civil enforcement procedures used by the United States to recover monies owed under a restitution order. 28 U.S.C. § 3001(a)(1). Under the FDCPA, the United States may seek, and the court may issue, a writ of garnishment against a debtor's property, including non-exempt disposable earnings, "in which the debtor has a substantial nonexempt interest and which is in the possession, custody, or control of a person other than the debtor, in order to satisfy the judgment against the debtor." *See* 28 U.S.C. § 3205(a). The government must then serve the writ on the garnishee and debtor. *Id.* § 3205(c)(3). The garnishee must file an answer with the court and serve a copy of its answer on the debtor and the government. *Id.* § 3205(c)(4).

A debtor may file a written objection to an answer to a writ of garnishment and request a hearing within twenty days after receipt of the answer. *See id.* § 3205(c)(5). The debtor "shall state the grounds for the objection and bear the burden of proving such grounds." *Id.* "While § 3205(c)(5) does not limit the purposes of a hearing like § 3202(d) does, the court retains the discretion to decide whether the objection warrants a hearing." *United States v. Kilpatrick*, No. 22-MC-51143, 2024 WL 4678871, at *2 (E.D. Mich. Nov. 5, 2024) (citation omitted); *United States v. Lavigne*, 734 F. Supp. 3d 654, 658 (E.D. Mich. 2024) (quoting *United States v. Miller*, 588 F. Supp. 2d 789, 797 (W.D. Mich. 2008) (collecting cases)) ("A hearing is not necessary, however, 'where the objection is plainly without merit, or where the objection [is] simply a matter of statutory interpretation.'").

### III.    Analysis

Defendant has not raised any issue that warrants further consideration regarding the writ issued and in turn, a hearing.

### IV.    Conclusion

Upon the Court's review of the government's motion, the motion [Doc. 35] is **GRANTED**.

**IT IS HEREBY ORDERED** that Garnishee, or its successors and assigns, shall pay into the hands of the United States Attorney's Office, at least monthly, defendant's nonexempt disposable earnings (as defined by 28 U.S.C. § 3002(9)), which is the lesser of:

1.    Twenty-five percent (25%) of defendant's total disposable earnings; or

2.    All amounts of defendant's disposable earnings in excess of thirty times the federal minimum hourly wage—i.e., the amount by which defendant's disposable earnings exceed $217.50 per week.

*See* 15 U.S.C. § 1673(a).

To calculate disposable earnings (as defined by 28 U.S.C. § 3002(5)-(6)), Garnishee shall subtract the following from any and all compensation paid or payable for personal services, whether denominated as wages, salary, commissions, bonuses, or otherwise:

1.    Federal Income Tax;
2.    Federal Social Security Tax;
3.    State Income Tax (if any);
4.    Occupational Tax (if any); and
5.    Ordered Child Support (if any).

**IT IS FURTHER ORDERED** that Garnishee, or its successors and assigns, shall remit to the United States Attorney's Office the non-exempt disposable earnings that have

4

or should have been garnished from defendant's earnings since service of the Writ of Continuing Garnishment on May 5, 2026.

**IT IS FURTHER ORDERED** that these sums are to be applied upon the judgment rendered in this cause in the sum of $125,267.41, upon which there is an unpaid balance of $119,478.12 as of June 2, 2026. These deductions are to continue until the unpaid balance is fully paid and satisfied.

Checks should be made payable to:

Clerk, U.S. District Court

and mailed to:

US Clerk of Court
800 Market Street, Suite 130
Knoxville, TN 37902.

**ENTER:**

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE

5